IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20959
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MOHAMMED ABDULALI SALEEM,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-375-1)
--------------------
May 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Mohammed Abdulali Saleem was convicted on a plea of guilty to possession of a firearm by an illegal alien. He now appeals his conviction and sentence. We review Saleem's sentencing arguments for plain error because he did not raise these issues in the district court. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995).

    Saleem argues that the district court erroneously relied on U.S.S.G. § 2K2.1(b)(5) to increase his offense level on the basis

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he possessed a firearm in connection with the commission of another felony, the submission of a false ATF Form 4773. Saleem notes that the commentary to § 2K2.1(b)(5) provides that "firearms possession or trafficking offenses" should not serve as the basis for the § 2K2.1(b)(5) enhancement. See U.S.S.G. § 2K2.1(b)(5), cmt. n.18. He contends that his submission of a false ATF form is both a firearms possession offense and a firearms trafficking offense.

Under the plain error standard, we review Saleem's argument to determine whether: (1) there is an error, (2) it is clear or obvious, and (3) it affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). If these conditions are satisfied, we may correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." See United States v. Olano, 507 U.S. 725, 732 (1993)(internal quotation and citations omitted). As the interpretation of Comment 18 to U.S.S.G. § 2K2.1(b)(5) is an issue of first impression in this circuit, it cannot constitute a "clear or obvious" error.

Saleem also argues that, because possession of a firearm is a continuing offense, the § 2K2.1(b)(5) enhancement is improper because his submission of the false ATF form was contemporaneous with his possession of the firearm. There is no merit to Saleem's argument. See United States v. Armstead, 114 F.3d 504, 513-14 (5th Cir. 1997).

2

Finally, Saleem argues that his conviction is unconstitutional because there is an inadequate nexus to interstate commerce to support federal jurisdiction and to establish a violation of 18 U.S.C. § 922(g)(5).  Saleem acknowledges that his argument is foreclosed by Fifth Circuit precedent, see, *e.g.*, United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), conceding that he raises the issue merely to preserve it for Supreme Court review. As we are bound by our own precedent, see United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999), however, we must affirm Saleem's conviction based on his guilty plea.

For the foregoing reasons, Saleem's conviction and his sentence are, in all respects,

AFFIRMED.