UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 01-10780
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONALD RAY WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the Northern
District of Texas, Fort Worth
(4:00-CR-248-1-A)
_____
May 21, 2002

Before DAVIS, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Woods argues that his conviction for possession of a firearm in violation of 18 U.S.C. § 922(g)(9) contravenes the Commerce Clause and Second Amendment. For the reasons that follow, we affirm Woods' conviction.

I.

In April 1999, Woods was convicted in state court of assault causing bodily injury to his wife. On May 22, 2000, Fort Worth

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

police officers executed a search warrant and discovered that Woods possessed two firearms.  He was arrested and tried in federal district court for two counts of violation of 18 U.S.C. § 922(g).

The government dismissed count one, possession by a felon of a firearm in violation of § 922(g)(1).  Woods filed a motion to dismiss count two, possession of a firearm by someone previously convicted of a misdemeanor involving domestic violence in violation of § 922(g)(9),[1] which the court denied.  Woods pled guilty to count two on February 23, 2001, subject to a plea agreement that preserved his right to appeal his conviction and the denial of his motion.  On June 1, 2001, he was sentenced to 27 months imprisonment and three years supervised release.  He timely appealed.

## II.

Woods argues that § 922(g)(9) is unconstitutional under the Commerce Clause.  He bases this argument upon the Supreme Court's recent decisions in United States v. Morrison[2] and Jones v. United States.[3]  This Court has already rejected this argument.  We have

---

[1] "It shall be unlawful for any person ... who has been convicted in any court of a misdemeanor crime of domestic violence ... to ship or transport in interstate or foreign commerce, *or possess in or affecting commerce*, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).

[3] 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000).

held that "the constitutionality of § 922(g) is not open to question."[4]  In U.S. v. Daugherty,[5] we held that the Supreme Court's reasoning does not apply to cases where, as here, there is a plain jurisdictional element and the defendant has stipulated to facts showing that the firearm had traveled in interstate commerce.[6] Hence Woods' Commerce Clause argument fails.

III.

Woods argues next that § 922(g)(9) is unconstitutional under the Second Amendment.  The resolution of this issue is controlled by our recent decision in Emerson v. United States, 270 F.3d 203 (5th Cir. 2001).

In Emerson the defendant challenged his conviction for possession of a weapon when under a court order restraining him from use of force against his wife, in violation of § 922(g)(8)(C)(ii).[7]  We held that the Second Amendment does give an individual the right to bear arms, but

> that does not mean that those rights may never be made subject to any limited, narrowly tailored specific exceptions or

---

[4] United States v. DeLeon, 170 F.3d 494, 499 (5th Cir.), *cert. denied*, 528 U.S. 863, 120 S.Ct. 156, 145 L.Ed.2d 133 (1999).

[5] 264 F.3d 513 (5th Cir. 2001).

[6] *Id.* at 518.

[7] Section 922(g)(8)(C)(ii) applies to someone "who is subject to a court order that ... by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury."

3

restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country.[8]

We found that, though it sets a minimal threshold, § 922(g)(8)(C)(ii) permissibly prohibits a class of individuals from owning firearms during the life of the court order, and therefore it "does not infringe [one's] individual rights under the Second Amendment."[9]

Under this reasoning, Woods' argument that § 922(g)(9) violates the Second Amendment cannot succeed. If the statute is constitutional when applied to someone who has been ordered not to use force against his wife, it is certainly constitutional when applied to a person who has already been convicted of using such force. Woods' conviction is therefore

AFFIRMED.

---

[8] 270 F.3d at 261.

[9] *Id.* at 260.

4