IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10063
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE ROY KEYS, also known as Jamie Benitez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-67-1-C
--------------------
July 30, 2002

Before Jolly, Higginbotham, and Parker, Circuit Judges.

PER CURIAM:[*]

Jamie Roy Keys appeals from his conviction and sentence, following a jury trial, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

Keys contends that the evidence was insufficient as a matter of law to support the interstate-commerce element of an 18 U.S.C. § 922(g)(1) offense and that this court should reconsider its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

jurisprudence regarding the constitutionality of that statute in light of <u>Jones v. United States</u>, 529 U.S. 848 (2000). To establish the "in or affecting commerce" element of 18 U.S.C. § 922(g)(1), the Government need prove only that a firearm has traveled interstate at some point in the past. <u>See</u> <u>United States v. Cavazos</u>, 288 F.3d 706, 712-13 (5th Cir. 2002); <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001), <u>cert.</u> <u>denied</u>, 122 S. Ct. 1113 (2002). Keys does not deny that testimony at his trial established that the gun was manufactured in California and traveled at some point to Texas. The Supreme Court's decision in <u>Jones</u> did not affect or undermine the constitutionality of 18 U.S.C. § 922(g)(1). <u>Daugherty</u>, 264 F.3d at 518.

Keys also argues that the district court erred in applying to him the first-degree murder guideline, U.S.S.G. § 2A1.1, pursuant to U.S.S.G. § 2K2.1(c)'s cross-reference provision, resulting in a guideline range that was restricted to the maximum statutory prison term of 120 months. He maintains that the evidence at trial and sentencing did not support a finding that the shooting of his brother was premeditated and that it supported a finding, at worst, of voluntary manslaughter, which would have called for a guideline imprisonment range of 100 to 120 months. Because Keys has not established that the district court clearly erred in rejecting his voluntary-manslaughter argument and because the evidence supported a finding of at least second-degree murder (in that malice

2

aforethought was evident), any error with respect to the application of the first-degree murder guideline was harmless. See United States v. Mitchell, 166 F.3d 748, 754 n.24 (5th Cir. 1999); United States v. Tello, 9 F.3d 1119, 1131 (5th Cir. 1993); 18 U.S.C. § 1111.

The conviction and sentence are AFFIRMED.