IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21221
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LOYCE SPEER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-27-ALL
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

David Loyce Speer appeals his guilty-plea conviction under

18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted

felon.  He argues that the factual basis for his guilty plea,

which showed his intrastate possession of a firearm manufactured

outside the state, was insufficient to establish the nexus with

interstate commerce required by 18 U.S.C. § 922(g)(1).  He

argues, in light of the Supreme Court's decisions in

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jones v. United States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000), that the interstate commerce element of 18 U.S.C. § 922(g)(1) requires something more than the mere fact that the firearm previously crossed state lines.  He acknowledges that his claim is foreclosed by existing Fifth Circuit precedent and states that he raises the claim to preserve it for possible Supreme Court review.

Speer's claim is foreclosed by circuit precedent.  See United States v. Cavazos, 288 F.3d 706, 712-13 (5th Cir. 2002); United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002).  Accordingly, the district court's judgment is AFFIRMED.