IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20297
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MICHAEL STEARNS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-677-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Michael Stearns appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Stearns contends that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it does not require that there be a "substantial" effect on interstate commerce. He contends that if a substantial effect on interstate commerce is required for a 18 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 922(g)(1) conviction, his indictment was deficient because it did not allege the "substantial" effect on interstate commerce necessary to render the statute constitutional. Stearns also argues that the factual basis for his guilty plea, which showed his intrastate possession of a firearm manufactured outside the state, was insufficient to establish the nexus with interstate commerce required by 18 U.S.C. § 922(g)(1).

Stearns acknowledges that his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). Stearns raises the issues solely to preserve them for possible Supreme Court review.

Stearns also contends, in light of the reasoning set forth in Jones v. United States, 529 U.S. 848 (2000), that 18 U.S.C. § 922(g)(1) can no longer constitutionally be construed to cover the intrastate possession of a handgun merely due to the fact that it traveled across state lines at some point in the past. Stearns argues that such a construction would be applicable to 99% of all firearms in existence. His argument is foreclosed by this court's holding in Daugherty, 264 F.3d at 518. Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.