# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-20871

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MITCHELL RAY DAUGHERTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

August 28, 2001

Before JOLLY, SMITH, and WIENER,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Mitchell Daugherty appeals his conviction of violating 18 U.S.C. § 922(g)(1) (2001), which prohibits convicted felons from possessing firearms "in and affecting" interstate commerce. We affirm.

## I.

Daugherty was convicted in state court of delivery of marihuana and injury to a child and was imprisoned. In 1985, the state court released him and placed him on "shock probation" for ten years. In 1995, the court discharged him from probation.[1]

In March 2000, police officers responded to a disturbance call placed by two sisters staying in a motel room. They complained that

_____

[1] The order read, in pertinent part: "and it further appearing to the satisfaction of the Court that the period of probation herein has expired, and that all conditions of probation have been satisfactorily fulfilled, . . . the Defendant is discharged from probation."

Daugherty had repeatedly harassed and threatened them. The officers found Daugherty standing outside the motel room, talked to him, and searched him for weapons, finding none. They then spoke with the two sisters, who said Daugherty had a weapon in his truck. One of the officers found a rifle, which Daugherty admitted he owned and which was manufactured in Egypt and imported through Knoxville, Tennessee.

## II.

Daugherty was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He filed a motion to dismiss the indictment on the ground that his two state felony convictions did not prohibit him from possessing a firearm, because he had been discharged from probation for both offenses. The court denied that motion.

Daugherty consented to a bench trial based on a written stipulation of facts. After the government had presented its case, Daugherty moved for a judgment of acquittal under FED. R. CRIM. P. 29 on the basis that there was an insufficient nexus with interstate commerce. Daugherty again argued that his completion of probation allowed him to possess a firearm. The court overruled both motions and found Daugherty guilty.

## III.

The question whether a felony conviction may serve as a predicate offense for a prosecution for being a felon in possession of a firearm pursuant to § 922(g)(1) is "purely a legal one." *United States v. Thomas*, 991 F.2d 206, 209 (5th Cir. 1993). Consequently, "our review is plenary." *Id.* We affirm a § 922(g)(1) conviction if substantial evidence exists to support it. *United States v. Ybarra*, 70 F.3d 362,

364 (5th Cir. 1995). The court must decide "whether any substantial evidence supports the finding of guilty," *id.* (quoting *United States v. Davis*, 993 F.2d 62, 66 (5th Cir. 1993)), and "whether the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty." *Id.*

No person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" may possess a firearm "in or affecting" interstate commerce. § 922(g)(1).[2] The law of the jurisdiction in which the proceedings were held determines what constitutes a crime.[3] So, Texas law

---

[2] Section 922(g)(1) provides:

(g) It shall be unlawful for any personSS

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (2001).

[3] *Beecham v. United States*, 511 U.S. 368, 371 (1994).

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be
(continued...)

determines whether Daugherty was a convicted felon for purposes of § 922(g)(1). *See, e.g.*, *United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996).

"Not all . . . convictions, however, count for purposes of § 922(g) . . . ." *Caron v. United States*, 524 U.S. 308, 313 (1998). A conviction for which the defendant's civil rights have been restored is not a predicate offense "unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." § 921(a)(20).[4]

Section 922(g)(1) has three requirements: "(1) that the defendant previously had been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." *United States v. Gresham*, 119 F.3d 258, 265 (5th Cir. 1997) (citing *United States v. Fields*, 72 F.3d 1200, 1211 (5th Cir. 1996)). The parties have stipulated that the first two factors are met.

----

[3](...continued)
considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (2001).

[4] This is referred to as the "unless clause" of § 921(a)(20). *See Caron*, 524 U.S. at 309. In passing the Firearm Owners Protection Act of 1986, Pub. L. No. 99-308, § 1(a), 100 Stat. 449 (1986), Congress amended Section 921(a)(20) "to give federal effect to state statutes that fully restore the civil rights of convicted felons when they are released from prison, or are granted a pardon, or have their convictions expunged." *Thomas*, 991 F.2d at 209.

Daugherty, however, contends that, under TEX. CODE CRIM PROC. ANN. art. 42.12,§ 20(a) (Vernon Supp. 2001), the successful completion of his probation restored his civil rights such that he no longer should be considered convicted.

That statute provides:

> If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the . . . indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted . . . .

Daugherty reasons that, consequently, his two felony convictions cannot serve as predicate offenses under § 921(a)(20).

We have a two-part test to determine whether the "unless clause" of § 921(a)(20), which supports a § 922(g)(1) conviction, is triggered. *Dupaquier*, 74 F.3d at 617. First, we ask whether "the state which obtained the underlying conviction revives essentially all civil rights of convicted felons, whether affirmatively with individualized certification or passively with automatic reinstatement." *Id.* (quoting *Thomas*, 991 F.2d at 213). Second, we "determine whether the defendant was nevertheless expressly deprived of the right to possess a firearm by some provision of the restoration law *or procedure of the state of the underlying conviction*." *Id.* (emphasis added).

Because Daugherty's rights were passively revived by operation of law, not by individu-

3

alized certification,[5] we examine Texas law to decide whether any provision or procedure limits his right to possess firearms. *See Caron*, 524 U.S. at 313-15, 317-18 (Massachusetts law). The government contends that, even assuming that Daugherty's general civil rights were restored under art. 42.12, § 20, so as to fulfill the first part of the *Dupaquier* test, some "procedure of the state of the underlying conviction" expressly deprived him of the right to possess a firearm.[6]

The government argues that TEX. PENAL CODE ANN. § 46.04(a) (Vernon 2001) prohibits Daugherty from possessing firearms. That statute generally provides that it is unlawful for a person convicted of a felony to possess a firearm. Daugherty claims that a person discharged from probation under art. 42.12, § 20, is no longer "convicted."

Neither art. 42.12, § 20, nor § 46.04 explains whether successful completion of probation supervision renders one "no longer convicted." Before enactment of the "unless clause," however, the Supreme Court concluded that one is considered convicted even after the completion of probation.[7] This cir

cuit has reached the same conclusion. In *United States v. Padia*, 584 F.2d 85, 86 (5th Cir. 1978), we affirmed a conviction of receiving firearms in interstate commerce by a convicted felon, stating that probation does not erase the conviction[8] but only "rewards a convicted party for good behavior during probation by releasing him from certain penalties and disabilities otherwise imposed upon convicted persons by Texas law." *Id*. (citing *Gonzalez de Lara v. United States*, 439 F.2d 1316, 1318 (5th Cir. 1971)).[9]

Although *Padia* and *Lehmann* applied art.

---

[5] This circuit has considered only situations in which the defendant's civil rights were passively restored by operation of state law. *See Thomas*, 991 F.2d at 209-16 (Texas law); *Dupaquier*, 74 F.3d at 617-19 (Louisiana law).

[6] *See Dupaquier*, 74 F.3d at 617; *Caron*, 524 U.S. at 316-17 (holding that, because Massachusetts law expressly provided that felons could not possess firearms, that law activated the "unless clause" of § 921(a)(20) and prevented petitioner from owning a firearm).

[7] *See Dickerson v. New Banner Inst*., *Inc*., 460 (continued...)

---

[7](...continued)
U.S. 103, 112 n.6, 113-14 (1983). There, the Court stated that "Congress' intent in enacting §§ 922(g) and (h) . . . was to keep firearms out of the hands of presumptively risky people." *Id*. at 112 n.6 (citation omitted). Bearing legislative intent in mind, the Court stated: "[F]or purposes of the federal gun control laws, we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being convicted within the language of §§ 922(g) and (h)." *Id*. at 114 (citation omitted).

[8] *Padia* involved an application of TEX. CODE CRIM. PROC. ANN. art. 42.12, § 7 (subsequently recodified as art. 42.12, § 20), to 18 U.S.C. § 922(h). *Padia*, 584 F.2d at 85.

[9] *Accord United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988) ("We have previously held that persons given probated sentences for Texas felony convictions, whether the probations are still pending, . . . or successfully completed, . . . are persons convicted for purposes of 18 U.S.C. §§ 922(g), (h) (1982). The rationale of those precedents furnish guidance today.") (citations and quotation marks omitted); *United States v. Lehmann*, 613 F.2d 130, 135 (5th Cir. 1980) (following *Padia*'s holding that "a prior conviction did exist where a defendant, convicted of a crime in Texas, was given probation").

42.12, § 7, to § 922(g)(1) before enactment of the "unless clause," *see Padia*, 584 F.2d at 86, this circuit's precedent regarding the effect that probation has on a conviction in Texas has not changed since Congress enacted the "unless clause." In *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988), we noted specifically that the successful completion of probation does not expunge a conviction for purposes of § 922(g). We decided *Morales* two years after Congress amended § 922(g) to include the "unless clause." Thus, under Fifth Circuit precedent, Daugherty remained a convicted felon.

The government also contends that the Concealed Handgun Act ("CHA"), TEX. GOV'T CODE ANN. § 411.171(4) (Vernon Supp. 2001), prevents Daugherty from owning a firearm. The government strongly relies on *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358 (Tex. 2000), in which the defendant was denied a license to carry a concealed handgun because he had been convicted of a felony. *See id.* at 360. He argued that, because his conviction had been was set aside under art. 42.12, § 20, he was no longer "convicted" under the CHA. *Id.* at 363. The Texas Supreme Court, noting that the CHA deemed a felon convicted "after an adjudication of guilt is entered against him whether or not his sentence is subsequently probated and he is discharged from supervision," *id.* (citation omitted), declared that Tune was not eligible for a concealed-handgun license. *Id.* at 364. After *Tune*, most Texas courts have held that a person applying for a concealed-handgun license remains convicted for purposes of the CHA.[10]

Daugherty responds correctly that *Tune* applied only to the definition of "convicted" as provided in the CHA and thus is not squarely on point here. The court in *Tune* stated, however, that "the Legislature may wish to keep concealed handguns out of the hands of persons who have been convicted of a felony, even if those persons satisfactorily completed community supervision." *Id.* That rationale also applies here, because the Texas Legislature has passed laws designed to keep firearms out of the hands of convicted felons. *See* § 46.04.

Both § 46.04 and the CHA demonstrate the power of the legislature "to regulate the wearing of arms, with a view to prevent crime." TEX. CONST. art. I, § 3. Thus, *Tune* provides strong analogous support for affirming Daugherty's conviction. Even without *Tune*, however, *Padia* and its progeny are con-

---

[10] *See Texas Dep't of Pub. Safety v. McLendon*, 35 S.W.3d 632, 633 (Tex. 2000) (per curiam) (following *Tune* and rendering judgment that Mc-
(continued...)

[10](...continued)
Lendon was not eligible for a license); *Tex. Dep't of Pub. Safety v. Kreipke*, 29 S.W.3d 334, 337-38 (Tex. App.SSHouston [14th Dist.] 2000, pet. denied) (holding that Kreipke was not eligible for a concealed-handgun license because of a previous felony conviction, even though his crime was no longer a felony and the conviction had been set aside); *Tex. Dep't of Pub. Safety v. Randle*, 31 S.W.3d 786, 787-88 (Tex. App.SSHouston [1st Dist.] 2000, no pet.) (following the reasoning of *Kreipke* and rendering judgment that defendant was not eligible for a concealed handgun license). *But see Cuellar v. State*, 40 S.W.3d 724, 725-29 (Tex. App.SSSan Antonio 2001, no pet.) (holding that the art. 42.12 order relieved Cuellar of the penalty limiting his right to possess a firearm); *Kreipke*, 31 S.W.3d at 338-40 (Wittig, J., concurring in part and dissenting in part) (stating that "[t]oday's erosion of right, however slight, is not unlike one of the first drops of rain on Noah's head") (emphasis added).

5

trolling.

Under Texas law, Daugherty remained convicted even after successfully completing probation.[11] Consequently, he is subject to the penalties that state law imposes on convicted felons. Section 46.04 prohibits felons from possessing firearms outside their homes. Accordingly, Texas statutory law activated the "unless clause" in § 921(a)(20) and prevents Daugherty from possessing a firearm.

IV.

Daugherty avers that the government failed to prove that he possessed a firearm "in and affecting" interstate commerce, as required by § 922(g)(1). *See Gresham*, 119 F.3d at 265 (citing *Fields*, 72 F.3d at 1211). He claims that this case is "a classic example of a purely local offense." In evaluating a Commerce Clause challenge under *United States v. Lopez*, 514 U.S. 549 (1995), however, we repeatedly have said that evidence similar to that presented in Daugherty's case suffices to maintain a § 922(g)(1) conviction,[12] and Daugherty admits as much. Thus, his constitutional challenge to § 922(g) fails, because "the constitutionality of § 922(g) is not open to question." *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir.), *cert. denied*, 528 U.S. 863 (1999).

Daugherty urges us to reconsider the interstate commerce element of § 922(g)(1) in light of two recent, intervening decisions: *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000). Both, however, are distinguishable from the present case, because a plain jurisdictional element exists in § 922(g), and there is stipulated evidence showing that the gun traveled in interstate commerce. Neither *Jones* nor *Morrison* affects or undermines the constitutionality of § 922(g).

IV.

Because the Texas Supreme Court has not addressed the first issue in this case, we must "decide the case as would an intermediate appellate court of the state in question . . . ." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997) (per curiam) (quoting *DiPascal v. N.Y. Life Ins. Co.*, 749 F.2d 255, 260 (5th Cir. 1985)). There is substantial support in Texas law for the proposition that persons convicted of a felony are still considered convicted felons even after they successfully complete community supervision. This circuit has repeatedly reached that conclusion, and Daugherty cites no cases in opposition. There was a sufficient nexus between Daugherty's possession of the weapon and interstate commerce.

AFFIRMED.

---

[11] *See United States v. Sauseda*, 2001 WL 694490, at *3 (W.D. Tex. Jan. 10, 2001) (finding defendant guilty of violating. § 922(g)(1)).

[12] *See United States v. Kuban*, 94 F.3d 971 (5th Cir. 1996) (affirming a § 922(g)(1) conviction where the weapon was manufactured in Belgium and possessed in Texas); *United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996) (affirming a § 922-(g)(1) conviction where the weapon was manufactured in Massachusetts and possessed in Texas).