IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20868
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM WATKINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-825-1
--------------------
March 27, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

William Watkins appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in denying his motion to suppress evidence obtained as a result of a warrantless search of his automobile, and, alternatively, that the district court abused its discretion by not conducting an evidentiary hearing. Watkins also contends that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional because of the minimal showing necessary to establish that the firearm had a nexus with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interstate commerce. He concedes that this argument is foreclosed by <u>United States v. Daugherty</u>, 264 F.3d 513, 516 (5th Cir. 2001), <u>cert. denied</u>, 2002 WL 233543 (U.S. Feb. 19, 2002), but that he raises it to preserve it for Supreme Court review. This latter argument is foreclosed.

The district court's denial of the motion to suppress is supported by the undisputed facts set forth in Watkins' motion and the Government's response thereto. <u>See</u> <u>United States v. Yeagin</u>, 927 F.2d 798, 800 (5th Cir. 1991). The totality of the circumstances supports a determination that the police officer had probable cause to search Watkins' car for a gun, after an eyewitness nightclub patron told the officer that Watkins had a gun and the officer thereafter saw Watkins walk to a car and place an object on the driver's side floorboard. <u>See</u> <u>Illinois v. Gates</u>, 462 U.S. 213, 233 (1983); <u>United States v. Burbridge</u>, 252 F.3d 775, 778 (5th Cir. 2001). Because there was probable cause to search the car, Watkins' subsequent statements concerning the gun were also admissible. Inasmuch as the relevant facts were undisputed and Watkins has pointed to no additional evidence that would have allowed him to meet his burden of showing that the search violated the Fourth Amendment, the district court did not err by not conducting an evidentiary hearing.

The judgment of the district court is AFFIRMED.