IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20898
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUCKIE RENNORD SHERFIELD,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-889-ALL
- - - - - - - - - - -
June 19, 2002

Before HIGGINBOTHAM, DAVIS, AND EMILIO M. GARZA, CIRCUIT JUDGES.

PER CURIAM:[*]

Duckie Rennord Sherfield appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He challenges the constitutionality of 18 U.S.C. § 922(g)(1) and contends that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1) in light of Jones v. United States, 529 U.S. 848 (2000), and United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Morrison</u>, 529 U.S. 598 (2000).  Sherfield concedes that his arguments are foreclosed by this court's precedent but seeks to preserve the issue for Supreme Court review.

Sherfield's reliance on <u>Morrison</u> and <u>Jones</u> is misplaced.  In <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1113 (2002), this court recently determined that <u>Morrison</u> and <u>Jones</u> were distinguishable from an 18 U.S.C. § 922(g)(1) case like this one, emphasizing that "the constitutionality of § 922(g) is not open to question."  <u>Id</u>. (quotation and citation omitted).  The judgment of the district court is AFFIRMED.