IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40106
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY EVANS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CR-3-ALL
--------------------
October 28, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Mark Anthony Evans appeals his conviction and sentence for possession with intent to distribute crack cocaine and being a felon in possession of a firearm. He raises two arguments, both of which he concedes are foreclosed and raised only to preserve their further review.

Evans first argues that the evidence was insufficient to support a finding that the firearm at issue traveled in interstate

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commerce, because 18 U.S.C. § 922(g) cannot be constitutionally construed to cover the intrastate possession of a handgun merely because it traveled across state lines at some point in the past. This issue is foreclosed by <u>United States v. Daugherty</u>, 264 F.3d 513 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1113 (2002). Evans additionally argues pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that 21 U.S.C. § 841(a)&(b) are facially unconstitutional. That issue is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 1045 (2001). As Evans recognizes, we are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision. <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

AFFIRMED.