IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 01-20556
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LEMOSES JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-891-1
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Lemoses Johnson appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Johnson argues that his conviction under 18 U.S.C. § 922(g)(1) must be reversed because it is unconstitutional to convict a defendant under that statute when the firearm's only connection with interstate commerce was that at some point in the past it crossed state lines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court has repeatedly rejected constitutional challenges to 18 U.S.C. § 922(g)(1) convictions, concluding that the interstate commerce element is satisfied by the possession of a firearm that was manufactured in a different state or country. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir. 2002), cert. denied, (U.S. Oct. 7, 2002) (No. 02-5348); see also United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). Thus, Johnson's argument fails. The conviction is AFFIRMED.

AFFIRMED.