IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21230
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEROY STRONG,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-524-1
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Leroy Strong appeals his conviction and sentence for being a
felon in possession of a firearm in violation of 18 U.S.C.
§§ 922(g)(1) and 924(a)(2).  Strong argues that his conviction
under 18 U.S.C. § 922(g)(1) must be reversed because it is
unconstitutional to convict a defendant under that statute when
the firearm's only connection with interstate commerce was that
at some point in the past it crossed state lines.  Relying on
Jones v. United States, 529 U.S. 848, 857 (2000), and United

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States v. Lopez, 514 U.S. 549 (1995), Strong argues that this court's current interpretation of 18 U.S.C. § 922(g) violates the Commerce Clause because such an interpretation would apply to 95% of the firearms in this country.

This court has repeatedly rejected constitutional challenges to 18 U.S.C. § 922(g)(1) convictions based on Lopez and Jones, concluding that the interstate commerce element is satisfied by the possession of a firearm that was manufactured in a different state or country. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir. 2002), cert. denied, (U.S. Oct. 7, 2002) (No. 02-5348); see also United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). Thus, Strong's argument fails. The conviction is AFFIRMED.