IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20048
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BUCK LEE RUSSELL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-531-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Buck Lee Russell appeals his guilty-plea conviction for possession of a firearm subsequent to a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the factual basis for his guilty plea, which showed his intrastate possession of a firearm that was manufactured in a foreign country, was insufficient to establish the nexus with interstate commerce required by 18 U.S.C. § 922(g)(1). He argues, in light of the Supreme Court's decisions in Jones v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States</u>, 529 U.S. 848 (2000), <u>United States v. Morrison</u>, 529 U.S. 598 (2000), and <u>United States v. Lopez</u>, 514 U.S. 549 (1995), that the interstate commerce element of 18 U.S.C. § 922(g)(1) requires something more than the mere fact that the firearm previously crossed state or foreign boundaries.  He acknowledges that his claim is foreclosed by existing Fifth Circuit precedent and states that he raises the claim to preserve it for further review.

Russell's claim is foreclosed by circuit precedent.  <u>See</u> <u>United States v. Cavazos</u>, 288 F.3d 706, 712-13 (5th Cir. 2002); <u>United States v. Daugherty</u>, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1150 (2002).  Accordingly, the district court's judgment is AFFIRMED.