IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21218
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY JOE CRISP,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-251-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ricky Joe Crisp appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the factual basis for his guilty plea, which showed his intrastate possession of a firearm manufactured outside the state, was insufficient to establish the nexus with interstate commerce required by 18 U.S.C. § 922(g)(1). He contends, in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of the Supreme Court's recent decisions in Jones v. United States, 529 U.S. 848 (2000) and United States v. Morrison, 529 U.S. 598 (2000), that 18 U.S.C. § 922(g)(1) can no longer constitutionally be construed to cover the intrastate possession of a handgun merely because it traveled across state lines at some point in the past. He acknowledges that his argument is foreclosed by existing Fifth Circuit precedent but raises the issue solely to preserve it for possible Supreme Court review.

"This court has repeatedly held that evidence that a firearm has traveled interstate at some point in the past is sufficient to support a conviction under § 922(g), even if the defendant possessed the firearm entirely intrastate." See United States v. Cavazos, 288 F.3d 706, 712-13 (5th Cir. 2002), cert. denied, (U.S. Oct. 7, 2002, No. 02-5348), 2002 WL 1764873; United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). This Court has also held that "[n]either Jones nor Morrison affects or undermines the constitutionality of § 922(g)." Daugherty, 264 F.3d at 518. Crisp's argument is indeed foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.