IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-21145

Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIONELL CHARLES BALTIMORE,

Defendant-Appellant.

———————————

Appeal from the United States District Court
For the Southern District of Texas
(01-CR-406)

———————————

November 25, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lionell Charles Baltimore appeals his sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  Baltimore argues that the district court erred in applying the cross reference in U.S.S.G. § 2K2.1(c)(1)(A) to calculate his sentence.  He argues that the court erred in finding that he possessed a firearm in connection with the

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commission of another offense, namely possession with the intent to distribute 13.3 grams of crack cocaine.

The district court's application of the sentencing guidelines is reviewed *de novo*, and its factual findings are reviewed for clear error.[1]

Baltimore's firearm was in plain view in the car he was driving. After Baltimore was detained, a clear plastic bag containing 13.3 grams of crack cocaine fell to the floor from his rear pants area. Given that the gun and the drugs had been in close proximity to one another, the physical and functional nexus between the drugs and the gun was met such that he was in possession of the gun while committing the offense of possession of crack cocaine with intent to distribute.[2]

Baltimore also argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it requires only a minimal Commerce Clause nexus. He acknowledges that this argument is foreclosed by this court's decision in *United States v. Daugherty*,[3] but seeks to preserve the argument for further review. Baltimore's sentence is AFFIRMED.

---

[1] *United States v. Vasquez*, 298 F.3d 354, 356 (5th Cir. 2002).

[2] *See United States v. Mitchell*, 166 F.3d 748, 755-56 (5th Cir. 1999).

[3] 264 F.3d 513 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 1113 (2002).