IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20544
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL GEAN GIVENS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-410-1
--------------------
February 21, 2003

Before BARKSDALE, DeMOSS and BENAVIDES, CIRCUIT JUDGES.

PER CURIAM:[*]

Karl Gean Givens appeals his conviction and sentence following pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). He argues that he was improperly denied a downward departure and that Application Note 2 following U.S.S.G. § 5G1.3 is unconstitutional because it states that courts should credit time served on undischarged state

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences for related offenses but is silent as to crediting fully discharged state sentences for related offenses.

We need not reach the constitutional issue because Givens requested only a downward departure. There is no evidence that the district court mistakenly believed it could not depart. Therefore, the district court's discretionary decision not to award a downward departure is not reviewable. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

Givens also argues that the fact that his firearms were not manufactured in Texas and therefore traveled in and affected interstate commerce was legally insufficient to support the interstate commerce nexus required by 18 U.S.C. § 922(g)(1). This claim is foreclosed by United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). The judgment of the district court is AFFIRMED.