United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40295
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARMANDO CANTU, III,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-295-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Armando Cantu, III, appeals his guilty plea conviction for

being a felon in possession of a firearm.  Cantu argues that the

factual basis of his guilty plea was insufficient to support his

conviction under 18 U.S.C. § 922(g) in light of the Supreme

Court's decisions in United States v. Morrison, 529 U.S. 598

(2000), and Jones v. United States, 529 U.S. 848 (2000).  Cantu

concedes that his argument is foreclosed by our opinion in United

States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), which

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rejected the contention that either <u>Morrison</u> or <u>Jones</u> affected or undermined the constitutionality of 18 U.S.C. § 922(g). He raises the issue only to preserve it for Supreme Court review.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999). No such decision overruling <u>Daugherty</u> exists. Accordingly, Cantu's argument is indeed foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.