**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando CANTU, III, Defendant–Appellant.**

**No. 03–40295 Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Armando Cantu, III, appeals his guilty plea conviction for being a felon in posses-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sion of a firearm. Cantu argues that the factual basis of his guilty plea was insufficient to support his conviction under 18 U.S.C. § 922(g) in light of the Supreme Court's decisions in *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). Cantu concedes that his argument is foreclosed by our opinion in *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001), which rejected the contention that either *Morrison* or *Jones* affected or undermined the constitutionality of 18 U.S.C. § 922(g). He raises the issue only to preserve it for Supreme Court review.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir.1999). No such decision overruling *Daugherty* exists. Accordingly, Cantu's argument is indeed foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.