United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41422
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCY V. GILFORD, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-81-ALL
---------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Quincy V. Gilford, Jr., appeals from his conviction of being a convicted felon in possession of a firearm. Gilford contends that the district court erred by adjusting his offense level for possessing a firearm in connection with another felony offense; that the nexus between a firearm and a felony required for a conviction under 18 U.S.C. § 924(c) should be the nexus required for an adjustment under U.S.S.G. § 2K2.1(b)(5); and that the factual basis for his plea was inadequate because the mere fact

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his firearm traveled from outside of Texas at some point in the past did not show a sufficient connection to interstate commerce to confer jurisdiction on the district court.

Gilford, who is represented by the Federal Public Defender, is correct that his contentions regarding 18 U.S.C. § 924(c) and the interstate-commerce nexus are foreclosed. *See United States v. Washington*, 340 F.3d 222, 231-32 (5th Cir.), *cert. denied*, 124 S. Ct. 942 (2003); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002). Gilford raises those arguments to preserve them for further review.

The district court's finding that Gilford possessed his firearm in connection with the felony offense of possession of crack cocaine was not clearly erroneous. *See Washington*, 340 F.3d at 230. The district court could have concluded from the physical proximity of the firearm to a crack cocaine pipe and to crack cocaine that Gilford possessed the firearm to protect the crack cocaine. *See United States v. Condren*, 18 F.3d 1190, 1198-99 (5th Cir. 1994).

AFFIRMED.