United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-21023
Summary Calendar

—————————

UNITES STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

QUINCY DESHAWN BROWN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-58-1
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

    Quincy Deshawn Brown appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). As Brown acknowledges, his challenge to the constitutionality of § 922(g)(1) is without merit. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001). His conviction is therefore AFFIRMED.

    The Government concedes that Brown preserved his claim of Fanfan error, i.e., that the district court erred in sentencing

------------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him under the then-mandatory Guidelines, in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005). The Government also concedes that remand for resentencing may be appropriate because aside from relating "thoughts about the appropriateness of the guideline sentence, there was no other action by the district court that might arguably suggest that the court would have applied the same sentence under an advisory guideline sentencing scheme." In light of the Government's concession and the district court's statement at sentencing that it would impose an alternative sentence if <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) applied, Brown's sentence is hereby VACATED and this case is REMANDED to the district court for resentencing.