United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 06-60127
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN TURNER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:04-CR-7
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stephen Turner was convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by being a felon in possession of ammunition. He appeals his conviction and the 120-month term of imprisonment imposed in his case.

For the first time on appeal, Turner argues that § 922(g) is unconstitutional on its face because it does not require a substantial effect on interstate commerce and is, thus, an improper exercise of Congress' power under the Commerce Clause. As Turner acknowledges, however, his argument is foreclosed. This court has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that "the constitutionality of § 922(g) is not open to question." United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001) (internal quotation marks omitted).

Also for the first time on appeal, Turner argues that § 922(g) is unconstitutional as applied in his case because the fact established at his trial, that the ammunition he possessed had, at some unspecified time, moved in interstate commerce, was insufficient to prove a substantial effect on interstate commerce. Turner's argument lacks merit. The Government need only establish that ammunition was manufactured out of state to satisfy the interstate commerce element of the offense. United States v. Guidry, 406 F.3d 314, 318-19 (5th Cir.), cert. denied, 126 S. Ct. 190 (2005).

Turner argues that the evidence was insufficient to support his conviction of being a felon in possession of ammunition as that term is defined for purposes of § 922(g)(1). He also contends that the evidence was insufficient to establish that any of the complete shotgun shells he possessed were shown to have moved in interstate commerce. However, a rational trier of fact could have found that the evidence produced at trial established the essential elements of Turner's offense beyond a reasonable doubt. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003); Guidry, 406 F.3d at 318.

Turner argues that the district court abdicated its gate-keeping responsibilities under Daubert v. Merrell Dow

Pharmaceuticals, Inc., 509 U.S. 579 (1993) by allowing a Government witness to testify as an expert regarding the difficulty of lifting fingerprints from a shotgun shell. However, a review of the record indicates that the Government's witness possessed sufficient qualifications to be considered an expert in fingerprint examination and that his testimony was reliable and relevant. The district court did not abuse its discretion in allowing the testimony. See Moore v. Ashland Chemical Inc., 151 F.3d 269, 274 (5th Cir. 1998)

Finally, Turner argues that the district court erred in calculating his sentence under U.S.S.G. § 2K1.1(c)(1)(A), by cross referencing § 2X1.1, and ultimately § 2A2.1(a)(1), and (b)(1)(B). The district court's findings that Turner's substantive offense constituted assault with intent to commit murder, and that Turner's victim, Arthur Sims, sustained a serious bodily injury are supported by the evidence and are therefore not clearly erroneous. See United States v. Villanueva, 408 F.3d 193, 203 n.9. (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

In light of those findings, the district court did not err in applying the Guidelines. See id. at 202. Moreover, the sentence imposed in Turner's case is reasonable. United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006).

The judgment of the district court is AFFIRMED.