# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-20780
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM ANTONIO CANTU-MARTINEZ, also known as Fidel Antonio Gracias, also known as Alejandro Rodriguez Canton, also known as "Poison"

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-382-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Antonio Cantu-Martinez appeals his sentence following a conviction for possession of a firearm by an alien unlawfully present in the United States. See 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). Cantu argues that the district court erred in increasing his base offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(5).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When Cantu was sentenced, § 2K2.1(b)(5) provided for a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense . . . ." Relying on United States v. Mitchell, 166 F.3d 748 (5th Cir. 1999), Cantu asserts that the cocaine at issue in the enhancement and the firearms found in the car with the narcotics lacked a sufficiently close relationship to support a 2K2.1(b)(5) enhancement. Mitchell is inapposite. Mitchell involved the application of U.S.S.G. § 2K2.1(c)(1), which applies when "the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1) (emphasis added). We held the Government to a higher burden in Mitchell because of this additional language. See 166 F.3d at 756.

Because the firearms were located directly behind Cantu's seat in the car with the illegal narcotics, they were "readily available" to Cantu and "were possessed and could have been used to facilitate" his drug-related activities. See United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997); United States v. Condren, 18 F.3d 1190, 1200 (5th Cir. 1994). The firearms thus were possessed "in connection with" Cantu's drug possession within the meaning of U.S.S.G. § 2K2.1(b)(5).

Cantu additionally contends that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1) in light of United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000). Cantu's arguments are foreclosed by this court's precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.