IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-20653
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD ANTHONY RYLANDER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-76-1

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edward Anthony Rylander challenges his guilty plea conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He first argues that this court should reconsider its jurisprudence regarding the statute's constitutionality in light of United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000). Rylander's arguments are foreclosed by this court's precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rylander also challenges as plainly erroneous the district court's imposition of a special condition of his supervised release that he "not ingest any artificial stimulants," contending that the condition is vague and overbroad. The Government concedes the error and requests that the special condition be vacated.

We agree that the district court's imposition of this special condition, which could be interpreted to prohibit Rylander's use of a broad range of legal substances, including soft drinks, cough syrup, and tobacco, was plain error. The district court made no findings regarding Rylander's use of "artificial stimulants." The condition is unrelated to his firearms-possession offense and involves a greater deprivation of liberty than is reasonably necessary to deter criminal conduct and protect the public. See United States v. Ferguson, 369 F.3d 847, 853-54 (5th Cir. 2004). And although Rylander has a history of drug possession, the district court adequately addressed the concerns this history raises by prohibiting him from possessing or using controlled substances and requiring him to submit to periodic drug tests during the term of his supervised release.

Accordingly, the special condition of supervised release that Rylander not ingest any artificial stimulants is VACATED. See United States v. Hernandez-Guevara, 162 F.3d 863, 878 (5th Cir. 1998) ("[W]e need not waste judicial resources by remanding for what [] would be a rote resentencing."). The district court's judgment is otherwise AFFIRMED.