IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-20389
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANILO SANCHEZ-CACERES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-418-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Danilo Sanchez-Caceres (Sanchez) appeals his conviction for possession of a firearm as an illegal alien under 18 U.S.C. § 922(g)(5). Sanchez asserts that the district court erred in denying his motion to suppress the firearm as the fruit of an unconstitutional search and that § 922(g)(5) is unconstitutional on its face and as applied in his case. As Sanchez acknowledges, the latter argument is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed by our precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

We review the district court's factual findings for clear error and its Fourth Amendment rulings de novo.  United States v. Gonzalez, 328 F.3d 755, 758 (5th Cir. 2003).  Although based upon an anonymous tip, the investigatory stop and frisk did not violate Sanchez's Fourth Amendment rights.  See United States v. Bolden, 508 F.3d 204, 206 n.2 (5th Cir. 2007); United States v. Chavez, 281 F.3d 479, 485 (5th Cir. 2002).  The tip concerned on-going illegal activity by a finite group of individuals, of which Sanchez was a member.  Agents corroborated the tip prior to initiating the stop by sending a known, reliable informant to the nightclub to confirm that at least one of the security guards was an illegal alien who had carried a firearm in the past.  Agents also personally observed that one of the security guards was carrying a visible firearm.  Unlike Florida v. J.L., 529 U.S. 266, 271-72 (2000), law enforcement officers here had the means to test the reliability of the tip, and they confirmed the reliability of the tip's allegation of illegality before acting on it.  The pat down of the four security guards was a reasonable precaution in light of the totality of the circumstances.  Accordingly, the judgment of the district court is AFFIRMED.