# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2010

No. 09-51005
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY FREEMAN JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-106-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

Anthony Freeman Jackson appeals his conviction following a jury trial for being a felon in possession of a firearm. Jackson argues that the evidence was insufficient to support his conviction.

Jackson argues that the Government failed to prove the "possession" element of the offense beyond a reasonable doubt because the Government proved only that he had "handled" a firearm and not that he had "possessed" it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the denial of a motion for acquittal *de novo*. *United States v. Clayton*, 506 F.3d 405, 412 (5th Cir. 2007). In determining the sufficiency of the evidence, the court must review the evidence and the inferences arising therefrom in the light most favorable to the verdict and determine whether a rational jury could find the defendant guilty beyond a reasonable doubt. *Id.* "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *Id.* (internal quotations and citations omitted).

To prove the felon in possession charge, the Government had to prove that Jackson had previously been convicted of a felony, that he had possession of a firearm, and that the firearm in question had traveled in and/or affected interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Daugherty*, 264 F.3d 513, 515 (5th Cir. 2001). The parties stipulated that Jackson has a prior felony conviction and that the firearm discovered in his apartment traveled in interstate commerce.

Possession of a firearm may be actual or constructive and may be proved by circumstantial evidence. *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). "Actual possession means the defendant knowingly has direct physical control over a thing at a given time." *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998).

The evidence introduced at trial was sufficient to show that Jackson had actual possession of a firearm. In particular, the Government presented testimony that Jackson was carrying a gun as he ran away from police officers; that he threw it under a bush; that officers recovered the gun from under the bush; and that his DNA was on the gun and the clip. This testimony establishes that Jackson had knowing, physical control over a firearm on the night of April 19th, 2009. *See Munoz*, 150 F.3d at 416.

Viewing the evidence as a whole and the credibility findings in the light most favorable to the verdict, a rational jury could have reasonably concluded that the evidence established beyond a reasonable doubt that Jackson was a felon in possession of a firearm, in violation of § 922(g)(1).

Jackson's conviction is AFFIRMED.