# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10520
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN KEITH HUETT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-262-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Brian Keith Huett challenges the sufficiency of the factual basis supporting his guilty plea to the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  He contends that the Government failed to establish the interstate commerce and mens rea elements of the offense.  Huett also contends that § 922(g) is unconstitutional facially and as applied to him because it exceeds the federal Government's power under the Commerce

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10520

Clause.    Huett concedes that these arguments are foreclosed by circuit precedent.

Huett's interstate commerce argument is foreclosed by *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir. 2001), in which this court rejected a similar argument that the Government's showing that a weapon had travelled across state lines was insufficient to satisfy the jurisdictional nexus requirement of § 922(g).  His mens rea argument is foreclosed by *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), which held that § 922(g) does not contain a mens rea element.  His Commerce Clause argument is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-56 (5th Cir. 2013), which rejected a similar challenge to the constitutionality of § 922(g)(1).

The judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance is GRANTED.  Its alternative motion for an extension of time is DENIED as unnecessary.