# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:18-CR-21-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Daniel Guerrero appeals his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and his within-guidelines sentence of 18 months of imprisonment. He raises arguments relating to the constitutionality of § 922(g)(1) and the sufficiency of the factual basis in support of his guilty plea. The Government has filed a motion for summary affirmance, which Guerrero does not oppose. In the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10108

alternative, the Government seeks an extension of time to file its brief.  For the following reasons, we dispense with further briefing and AFFIRM.

First, Guerrero argues that § 922(g)(1) is unconstitutional as interpreted by this court and that the factual basis in support of his guilty plea is insufficient because it does not establish a constitutionally sufficient connection between the firearm he possessed and interstate commerce.  As he concedes, these arguments are foreclosed.  *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

Second, Guerrero argues that the factual basis in support of his guilty plea is insufficient because it does not establish that he knew that the firearm had traveled in interstate commerce.  We have concluded that a § 922(g)(1) conviction does not require proof that a defendant knew that the firearm had traveled in interstate commerce.  *See United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988).  Guerrero does not articulate any argument that this specific holding in *Dancy* has been unequivocally overruled by *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019).  *See Alcantar*, 733 F.3d at 145-46 (discussing this court's rule of orderliness).

In light of the foregoing, the judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.