# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

No. 18-11478
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TAVARUS ANTHONY HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-139-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tavarus Anthony Harris appeals his guilty-plea conviction for unlawful possession of a firearm in interstate commerce by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Harris first asserts that the interstate commerce element of § 922(g) is unconstitutional facially and as applied by this court. He correctly concedes, however, that this issue is foreclosed by circuit precedent.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11478

*See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 & n.12 (5th Cir. 2001).

Additionally, Harris contends that the factual basis for his § 22(g)(1) guilty plea was insufficient because the record did not show that he knew that his unlawful possession of a firearm was in or affecting commerce. Again, as he concedes, this issue is foreclosed. *See United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988).

Finally, Harris argues that the factual basis for his § 922(g)(1) guilty plea was insufficient in light of the Supreme Court's recent decision of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), which established that such a conviction requires that the defendant knew he was a convicted felon at the time of his unlawful firearm possession. Because Harris failed to raise this issue in the district court, it is subject to review only for plain error. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Id.* at 872-73 (internal quotation marks and citation omitted).

A review of the record in its entirety shows that: the agreed factual basis stated that Harris had previously been convicted of a felony offense and sentenced to 13 months in prison; the presentence report (PSR) contained a description of that felony offense and of another prior felony offense for which Harris served a concurrent 13-month prison sentence; and Harris failed to dispute the district court's finding, as adopted from the PSR, that he knew he was a felon prohibited from purchasing firearms. Accordingly, even after *Rehaif*, 139 S. Ct. at 2200, Harris has failed to establish that the district court

No. 18-11478

clearly or obviously erred in accepting the factual basis for his guilty plea. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Ortiz*, 927 F.3d at 872-73.

The judgment of the district court is **AFFIRMED**.