United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11140
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE TYRONE THOMAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-41-1-D
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Maurice Tyrone Thomas appeals from his jury-verdict

conviction for being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1).  He argues that the district

court improperly permitted testimony from a lay witness to

establish the interstate nexus element of his crime.  Examination

of the record indicates that the district court did not abuse its

discretion in admitting such testimony on this basis.  See United

States v. Merritt, 882 F.2d 916, 919-20 (5th Cir. 1989).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thomas argues that: (1) the evidence was insufficient to support his conviction because the mere movement of a firearm from one state to another does not constitute a "substantial" effect on interstate commerce; (2) 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied because it does not require a "substantial" effect on interstate commerce; and (3) his indictment was fatally defective because it did not allege that he knew that the firearm he possessed was in or affecting interstate commerce. Thomas raises these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Dancy, 861 F.2d 77, 81 (5th Cir. 1988).

Accordingly, the judgment of the district court is AFFIRMED.