**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51033
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTHONY OTIS STRAIT, also known as Anthony Straight,
also known as Anthony Strait, also known as Anthony
Thomas, also known as "Baby T,"

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-429-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Anthony Otis Strait appeals his guilty-plea convictions of possession of five grams or more of cocaine base with intent to distribute and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 841(a) and (b) and 18 U.S.C. § 922(g). The district court imposed concurrent 100-month prison terms and supervised-release terms of five and three years, respectively.

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Strait contends that 21 U.S.C. § 841(b) is facially unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He acknowledges that his argument is foreclosed by this court's decision in <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), but raises the issue only to preserve it for review in the Supreme Court. He is correct that <u>Slaughter</u> precludes his argument. <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999) (panel of this court is bound by prior precedent).

Also for the first time on appeal, Strait contends that the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), is unconstitutional under the Commerce Clause because it criminalizes the possession of firearms that do not substantially affect interstate commerce. Strait concedes that this argument, too, is foreclosed by circuit precedent. <u>See</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), <u>cert.</u> <u>denied</u>, 534 U.S. 1150 (2002). He raises the issue to preserve it for Supreme Court review.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.