United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-41144
Summary Calendar

UNITED STATES OF AMERCA,

Plaintiff-Appellee,

versus

ROBERTO LUIS LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-94-1
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Luis Lopez appeals his conviction and sentence following his guilty plea conviction for being a felon in possession of a firearm. Lopez argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 2K2.1(b)(5) based on his possession of a firearm with the intent to commit another felony offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Using Lopez's own statements to the arresting officer, the Government showed by a preponderance of the evidence that Lopez was in possession of a firearm and that he had the intent to use the weapon to commit the felony offense of aggravated assault. Thus, the district court did not clearly err in enhancing Lopez's offense level pursuant to U.S.S.G. § 2K2.1(b)(5). See United States v. Armstead, 114 F.3d 504, 507 (5th Cir. 1997).

Lopez also argues that the Government failed to prove that the firearm was in or affected interstate commerce and, thus, his prosecution violated the Commerce Clause and the Tenth Amendment. He concedes that this argument is foreclosed by circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). He raises the issue to preserve it for Supreme Court review. The judgment of the district court is AFFIRMED.