**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20997
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-139-1
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Jose Williams appeals from his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Relying on our decision in United States v. Emerson, 270 F.3d 203 (5th Cir. 2001), cert. denied, 536 U.S. 907 (2002), that the Second Amendment affords individuals a protected right to bear arms, Williams argues that 18 U.S.C. § 922(g)(1) is not narrowly tailored in light of the interplay of the Second Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the regulation of interstate commerce under the Commerce Clause, is overly broad in its reach given the legislative history of its intent, and unevenly burdens a fundamental right in violation of equal protection by relying on inconsistent state law definitions.

Although Williams orally mentioned Emerson and the Second Amendment at his rearraignment, he did not make the above arguments in the district court either at rearraignment or at sentencing. Therefore, our review is for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). We specifically recognized in Emerson that "it is clear that felons, infants, and those of unsound mind may be prohibited from possessing firearms." Emerson, 270 F.3d at 261 (emphasis added). In light of this recognition, we conclude that Williams has failed to demonstrate plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Relying on the Supreme Court's decisions in Jones v. United States, 529 U.S. 848 (2000), United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995), Williams also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. Alternatively, he argues that his indictment was defective for failing to allege that his specific offense substantially affected interstate commerce and that the factual

2

basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past.

Williams raises his arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1150 (2002).

AFFIRMED.