United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 03-20073**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

                              **Plaintiff-Appellee,**

**versus**

**DARRELL FLORENCE,**

                              **Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-557-ALL
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

       Darrell Florence ("Florence") appeals from his guilty-

plea conviction for being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1).  Relying on our decision in

United States v. Emerson, 270 F.3d 203 (5th Cir. 2001), cert.

denied, 536 U.S. 907 (2002), that the Second Amendment affords

individuals a protected right to bear arms, Florence argues that 18

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 922(g)(1) is not narrowly tailored in light of the interplay of the Second Amendment and the regulation of interstate commerce under the Commerce Clause, is overly broad in its reach given the legislative history of its intent, and unevenly burdens a fundamental right in violation of equal protection by relying on inconsistent state law definitions.

Because Florence did not make the above arguments in the district court either at rearraignment or at sentencing, our review is for plain error. See United States v. Munoz, 150 F.3d 401, 419 (5th Cir. 1998); United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). We specifically recognized in Emerson that "it is clear that felons, infants, and those of unsound mind may be prohibited from possessing firearms." Emerson, 270 F.3d at 261 (emphasis added). In light of this recognition, we conclude that Florence has failed to demonstrate plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Relying on the Supreme Court's decisions in Jones v. United States, 529 U.S. 848 (2000), United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995), Florence also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. Alternatively, he argues that the factual basis for his plea was insufficient because the evidence

established only that the firearm had traveled across state lines at some unspecified point in the past.

Florence raises his arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002).

**AFFIRMED.**