United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40332
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL VALENCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-205-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Valencia appeals from his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For the first time on appeal, Valencia argues that 18 U.S.C. § 922(g)(1) does not survive strict scrutiny because it is not narrowly tailored, is overly broad in its reach given the legislative history of its intent, and unevenly burdens a fundamental right in violation of equal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection by relying on inconsistent state law definitions. Because we specifically have recognized that it is clear that felons may be prohibited from possessing firearms, Valencia has failed to demonstrate plain error. United States v. Emerson, 270 F.3d 203, 261 (5th Cir. 2001), cert. denied, 536 U.S. 907 (2002); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Valencia also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. Alternatively, he argues that his indictment was defective for failing to allege that his specific offense substantially affected interstate commerce and that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past. Valencia raises this argument solely to preserve it for possible Supreme Court review. His argument is foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002).

AFFIRMED.