UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas JACKSON, Defendant–
Appellant.

No. 03–20777.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attorney, Kathlyn Giannaula Snyder, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Aurora Ruth Bearse, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Thomas Jackson appeals his guilty plea conviction for being a felon in possession of a firearm. Jackson argues that his prosecution under 18 U.S.C. § 922(g) violated both the Commerce Clause and the Tenth Amendment because there was no evidence showing that the firearm was in or substantially affected interstate commerce.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jackson concedes that various panels of this court have rejected his argument. *See, e.g., United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001). He raises the issue only to preserve it for Supreme Court review.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir.1999). No such decision exists. Accordingly, Jackson's argument is indeed foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.