United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20948
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CHRISTOPHER JONES,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-19-ALL
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

     Christopher Jones appeals his conviction for being a felon

in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2).  He argues that the condition of supervised

release prohibiting him from possessing "any other dangerous

weapon" must be vacated because it is impermissibly vague and

overbroad.

     We interpret Jones's "overbreadth" argument to mean that the

"any other dangerous weapon" condition violates the requirement

------------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that a condition of supervised release involve "no greater deprivation of liberty than is reasonably necessary . . . to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant."  See United States v. Paul, 274 F.3d 155, 165 & n.12 (5th Cir. 2001); 18 U.S.C. § 3583(d)(2); 18 U.S.C. § 3553(a)(2)(B) & (C).  Jones was convicted of being a felon in possession of a firearm.  See 18 U.S.C. § 3583(d).  Under these circumstances, the "any other dangerous weapon" condition is not overbroad because it does not involve a greater deprivation of liberty than is necessary to afford adequate deterrence of criminal conduct and to protect the public form further crimes by him.  See 18 U.S.C. § 3583(d)(2); 18 U.S.C. § 3553(a)(2)(B) & (C).

As to Jones's vagueness challenge, this court has held that "[c]onditions of probation 'may afford fair warning even if they are not precise to the point of pedantry.  In short, conditions of probation can be written -- and must be read -- in a commonsense way.'"  See Paul, 274 F.3d at 167 (citation omitted; emphasis added).  When the definition of a "dangerous weapon" is read in the requisite commonsense manner, this definition reflects that intent to cause harm is required in order to characterize as a dangerous weapon an instrument which is not dangerous when used in its customary manner.  Id.; see also U.S.S.G. § 1B1.1, comment. (n.1(d)) (2002).

Jones argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it does not require a "substantial" effect on interstate commerce. As Jones concedes, this issue is foreclosed; he raises it to preserve it for possible Supreme Court review. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

Jones has filed an opposed motion to file a supplemental brief. This motion is GRANTED. In his supplemental brief, Jones argues that the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the federal sentencing guidelines. As Jones also concedes, this argument is foreclosed by our opinion in United States v. Pineiro, 377 F.3d 464, 465-73 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review. Accordingly, Jones's conviction and sentence are AFFIRMED.