United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20948
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

CHRISTOPHER JONES,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Texas
District Court Cause No. 4:03-CR-19-ALL

_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed Christopher Jones's conviction and

sentence.[1]  Jones then sought a writ of certiorari, relying on

the Supreme Court's decision in *United States v. Booker*, 125 S.

Ct. 738 (2005).[2]  The Court granted Jones's petition, vacated his

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

[1]*See United States v. Jones*, No. 03-20948, 2004 WL 2980372
(5th Cir. Dec. 23, 2004).

[2]*See Jones v. United States*, 125 S. Ct. 1999 (2005).

1

sentence, and remanded for further consideration in light of *Booker*. We requested and received supplemental letter briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

Jones was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jones waived his right to a jury trial and was tried before the court on stipulated facts. The district court found Jones guilty and sentenced him to 80 months of imprisonment and three years of supervised release.[3]

In his supplemental brief, Jones advances two arguments. First, Jones contends that his "constitutional rights were violated when he was sentenced under a Guidelines range based on enhancements that were not found by a jury beyond a reasonable doubt and not admitted by him but were determined by the district court (presumably) only on a preponderance of the evidence." Second, Jones complains that "there was error under *Booker* because [he] was sentenced under the assumption of a mandatory Guidelines system that was held unconstitutional in *Booker*."

---

[3]This sentence was calculated using a base offense level of 20, a four-point increase for the possession of weapons in connection with a felony drug offense, and a three-point reduction for acceptance of responsibility. The sentence also reflects 12 criminal history points and a criminal history category of V.

Jones concedes that review is for plain error because he raised no *Booker* objection in the district court.[4]  "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'"[5]  If all three conditions are met, then we may exercise our discretion to notice the error only if it also "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[6]

"It is clear after *Booker* that application of the Guidelines in their mandatory form constitutes error that is plain."[7]  Consequently, the first two requirements of the plain error test are met.  The third prong of the test, however, is not satisfied in this case.  To demonstrate that his substantial rights were affected, Jones must show that the district court's error affected the outcome of the proceedings.[8]  To meet that burden, Jones must show "with a probability sufficient to undermine

---

[4]*See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Jones raised an argument on direct appeal in this court based on *Blakely v. Washington*, 542 U.S. 296 (2004).

[5]*Mares*, 402 F.3d at 520 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

[6]*Id.*

[7]*United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. 2005).

[8]*United States v. Olano*, 507 U.S. 725, 734-35 (1993).

confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."[9]  That is, Jones must point to some "indication in the record from the sentencing judge's remarks or otherwise" that the sentencing judge "would have reached a different conclusion" under an advisory sentencing scheme.[10]

Jones concedes that nothing in the record indicates that the district judge would have imposed a different sentence under an advisory scheme, but argues for the first time on remand that due process and ex post facto concerns require us to vacate and remand to the district court for resentencing.  Jones recognizes that this argument is foreclosed by the court's decision in *United States v. Scroggins*,[11] but makes this argument to preserve it for Supreme Court review.

Jones also contends that plain error review should not apply because error applying the mandatory Guidelines scheme was

---

[9]*United States v. Infante*, 404 F.3d 376, 395 (5th Cir. 2005).

[10]*Mares*, 402 F.3d at 522.

[11]411 F.3d 572, 576 (5TH Cir. 2005)(rejecting the appellant's argument that applying Justice Breyer's remedial decision in *Booker*, demoting the previous mandatory sentencing scheme to an advisory scheme, violated the appellant's protection against ex post facto laws created by judicial enlargement); *see also United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005) (rejecting the same argument and reviewing for plain error because the argument was raised for the first time on appeal).

4

structural in nature and affected the entire framework of the sentencing in his case. Jones maintains that the court should presume prejudice and reverse his sentence. He recognizes, however, that this characterization is contrary to the court's determination in *Mares* and raises the argument to preserve it for Supreme Court review.[12]

Because nothing in the record indicates that the district judge would have imposed a lesser sentence under an advisory sentencing scheme, Jones has not shown that his rights were substantially affected and has failed to demonstrate plain error. Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.

---

[12]*See United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir. 2005) (rejecting the appellant's argument that the district court's application of the Sentencing Guidelines as mandatory is a structural error insusceptible to plain error review because the argument is inconsistent with this court's analysis in *Mares* and *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)).