United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41240
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO RODRIGUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-117-1
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Rodriguez appeals his guilty-plea conviction for
being a felon in possession of firearm ammunition in violation of
18 U.S.C. §§ 922(g)(1) & 924(a)(2). He argues for the first time
on appeal that § 922(g)(1) is unconstitutional on its face and as
applied to the instant case because it does not require a
substantial effect on interstate commerce. He also argues for
the first time on appeal that his conviction should be reversed
because the indictment does not allege that the offense had a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial impact on interstate commerce.  He acknowledges that these arguments are foreclosed by precedent, but raises them to preserve them for possible Supreme Court review.

We have repeatedly held that "the constitutionality of § 922(g) is not open to question."  United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001)(quoting United States v. DeLeon, 170 F.3d 494, 499 (5th Cir. 1999)).  Evidence that a weapon was manufactured in one state and possessed in another is sufficient to sustain a conviction under § 922(g).  Daugherty, 264 F.3d at 518; United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).  Additionally, in United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997), we rejected a challenge to the sufficiency of the indictment under § 922(g)(1) that was identical to the one raised by Rodriguez in this case. Accordingly, Rodriguez's challenges to the constitutionality of § 922(g)(1) and to the indictment are foreclosed by circuit precedent.

AFFIRMED.