United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20537
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES GIPSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-366-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Gipson appeals his jury-trial conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). He argues that § 922(g)(1) is unconstitutional on its face and as applied to the instant case because it does not require a substantial effect on interstate commerce. He also argues that his conviction should be reversed because the indictment does not allege that the offense had a substantial impact on interstate commerce. He acknowledges that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these arguments are foreclosed by precedent, but raises them to preserve them for possible Supreme Court review.

We have repeatedly held that "the constitutionality of § 922(g) is not open to question." United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001) (internal quotation marks and citation omitted). Evidence that a weapon was manufactured in one state and possessed in another is sufficient to sustain a conviction under § 922(g). See Daugherty, 264 F.3d at 518 & n.12; United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). Additionally, in United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997), we rejected a challenge to the sufficiency of the indictment under § 922(g)(1) that was identical to the one raised by Gipson in this case.

Gipson further argues that § 922(g)(1) unconstitutionally infringes on his Second Amendment right to keep and bear arms. He maintains that the statute is overbroad, it violates the Tenth Amendment, and it violates the principles of equal protection. He acknowledges that his arguments are foreclosed by this court's decision in United States v. Darrington, 351 F.3d 632, 633-35 (5th Cir. 2003), but has raised the issue to preserve it for possible review by the Supreme Court. Accordingly, Gipson's challenges to the constitutionality of § 922(g)(1) and to the indictment are foreclosed by circuit precedent.

Gipson also argues that the district court erred by refusing to give his requested jury instruction on constructive possession and joint occupancy. The refusal to give a particular instruction is error only if the instruction "(1) was substantially correct, (2) was not substantially covered in the charge delivered to the jury, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense." United States v. Pennington, 20 F.3d 593, 600 (5th Cir. 1994). Gipson's argument fails because the district court's instruction substantially covered the issue raised by Gipson and the district court's decision not to give the requested charge did not seriously impair Gipson's defense. See id. at 600.

AFFIRMED.