**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jamel WASHINGTON, Defendant–
Appellant.**

No. 06–50032
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Jamel Washington pleaded guilty to possession of a controlled substance with intent to distribute and to being a felon in possession of a firearm. The district court sentenced Washington to 262 months of imprisonment and eight years of supervised release on the drug count. The district court sentenced Washington to 120 months of imprisonment and three years of supervised release on the firearm count.

The terms were to be served concurrently. Washington appeals, arguing that his sentence, imposed after the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

The record shows that the district court fulfilled its duty to consider all of the § 3553 factors and sentenced Washington to 262 months of imprisonment, the lowest end of the sentencing guidelines range. *See United States v. Mares,* 402 F.3d 511, 519 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). This sentence is within the properly calculated advisory guidelines range and is presumptively reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554–55 (5th Cir. 2006). There is no indication that the sentence imposed was unreasonable. *See Mares,* 402 F.3d at 519.

Washington argues that 18 U.S.C. § 922(g) is facially unconstitutional and unconstitutional as applied because the Government failed to establish the interstate commerce element. Washington concedes that his constitutional challenge is foreclosed by circuit precedent, and he raises it only to preserve it for review by the Supreme Court. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Guidry,* 406 F.3d 314, 318–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 190, 163 L.Ed.2d 198 (2005).

Citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Washington argues that his sentence is unconstitutional because it was

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhanced on the basis of his prior convictions, which were neither admitted by him nor submitted for proof to the jury. Washington concedes that this contention is foreclosed by circuit precedent, and he raises it only to preserve it for further review. *See Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 1262–63 & n. 5, 161 L.Ed.2d 205 (2005); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

**AFFIRMED.**