United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50032
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMEL WASHINGTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-170-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Jamel Washington pleaded guilty to possession of a controlled
substance with intent to distribute and to being a felon in
possession of a firearm. The district court sentenced Washington
to 262 months of imprisonment and eight years of supervised release
on the drug count. The district court sentenced Washington to 120
months of imprisonment and three years of supervised release on the
firearm count. The terms were to be served concurrently.
Washington appeals, arguing that his sentence, imposed after the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), was unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

The record shows that the district court fulfilled its duty to consider all of the § 3553 factors and sentenced Washington to 262 months of imprisonment, the lowest end of the sentencing guidelines range. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). This sentence is within the properly calculated advisory guidelines range and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006). There is no indication that the sentence imposed was unreasonable. See Mares, 402 F.3d at 519.

Washington argues that 18 U.S.C. § 922(g) is facially unconstitutional and unconstitutional as applied because the Government failed to establish the interstate commerce element. Washington concedes that his constitutional challenge is foreclosed by circuit precedent, and he raises it only to preserve it for review by the Supreme Court. See United States v. Daugherty, 264 F.3d 513, 318 (5th Cir. 2001); United States v. Guidry, 406 F.3d 314, 318-19 (5th Cir.), cert. denied, 126 S. Ct. 190 (2005).

Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Washington argues that his sentence is unconstitutional because it was enhanced on the basis of his prior convictions, which were neither admitted by him nor submitted for proof to the jury. Washington

2

concedes that this contention is foreclosed by circuit precedent, and he raises it only to preserve it for further review. See Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

**AFFIRMED.**