United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20651
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LARRY JAMES SOLOMON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-429-4
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Larry James Solomon entered a guilty plea to a charge of

possession of a firearm by a felon and was sentenced to 96 months

of imprisonment and three years of supervised release.  He argues

that the statute of conviction, 18 U.S.C. § 922(g)(1), is

unconstitutional as applied because the statute requires a

substantial effect on interstate commerce and the factual basis

for his plea established only that the firearm traveled in

interstate commerce at some point in the past.  Solomon concedes

that his constitutional challenge is foreclosed by circuit

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

precedent, and he raises it only to preserve its further review by the Supreme Court.  We have indeed held that "the constitutionality of § 922(g) is not open to question," United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001) (internal quotation marks and citation omitted), and, additionally, that the Government need only establish that the firearm was manufactured out of state to satisfy the interstate commerce element of the offense.  See United States v. Guidry, 406 F.3d 314, 318-19 (5th Cir.), cert. denied, 126 S. Ct. 190 (2005).

AFFIRMED.