United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20148
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR LINO LEAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CR-2-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Victor Leal pleaded guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As an armed career criminal under 18 U.S.C. § 924(e), Leal was subject to a mandatory minimum sentence of 180 months of imprisonment; the district court sentenced him to 192 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leal argues that the court erred in determining that his Texas convictions for burglary of a habitation were qualifying violent felony convictions for purposes of § 924(e).  Leal acknowledges that this issue is foreclosed by United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992), but he raises it here to preserve it for further review.

Leal also contends that § 922(g)(1) is unconstitutional because it does not require a substantial effect on interstate commerce.  This court has repeatedly held that the constitutionality of § 922(g)(1) is not open to question.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).  In the alternative, Leal avers that the evidence was insufficient to establish an effect on interstate commerce.  "[E]vidence that a gun was manufactured in one state and possessed in another state is sufficient to establish a past connection between the firearm and interstate commerce."  United States v. Pierson, 139 F.3d 501, 504 (5th Cir. 1998).  Leal concedes that his arguments are foreclosed by circuit precedent, but he raises them here to preserve them for further review.

AFFIRMED.