# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-20080
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HAYBERT RONALD LEE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-178-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Haybert Ronald Lee appeals his conviction and sentence for being a felon in possession of a firearm. Lee argues that the district court erred by enhancing his sentence under U.S.S.G. § 2K2.1(b)(6) on the basis that he used or possessed the firearm in connection with the unauthorized use of a motor vehicle. Lee asserts that the Government failed to prove that he committed unauthorized use of a motor vehicle because the evidence did not show that his use of the stolen vehicle was intentional or knowing, as required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by Texas Penal Code § 31.07. The district court's finding that Lee knew the vehicle was stolen was plausible in light of the record and not clearly erroneous. See United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001). Lee had the criminal background to recognize the signs of a stolen vehicle, and he had been driving a Jaguar for two weeks with a missing front license plate and an obliterated vehicle identification number. In addition, Lee changed his story about who had given him the car, the rear license plate was stolen from another vehicle, and he was driving with a loaded 9-millimeter pistol with an obliterated serial number between his seat and the center console.

Lee further asserts that his possession of the firearm did not facilitate or have the potential of facilitating his use of the vehicle. However, the presence of the loaded firearm next to Lee in the car had the potential of facilitating his unauthorized use of the vehicle. Therefore, the district court did not clearly err by applying the enhancement under § 2K2.1(b)(6). See § 2K2.1, comment. (n.14); United States v. Armstead, 114 F.3d 504, 510-13 (5th Cir. 1997).

Lee also challenges the constitutionality of 18 U.S.C. § 922(g)(1) on its face and as applied in this case, arguing that there is an insufficient nexus between the mere movement of a firearm across state lines and interstate commerce to support federal criminal sanctions for possession of a firearm. As he concedes, however, this issue is foreclosed by our precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.