# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-60550
Summary Calendar

BRANDON KUHN, doing business as Crystal Caverns

Petitioner

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES
(ATF)

Respondent

On Petition for Review from
an Order of the Department of Justice
Agency No. 5-TX-091-33-PA-01118

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brandon Kuhn ("Kuhn") petitions this court for a review of the Respondent Bureau of Alcohol, Tobacco, Firearms, and Explosives's ("ATF") denial of his application for a permit to import, manufacture, or deal in explosive materials. See 18 U.S.C. § 842. Kuhn appealed the ATF's decision pursuant to 18 U.S.C. § 843(e)(2). At the first level of review, an Administrative Law Judge conducted a hearing and recommended denying Kuhn's application. The Director of Industry Operations of the ATF, representing the Attorney General, sustained

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial in a written decision.   Kuhn now petitions this court for review.

We review the denial of an explosives permit pursuant to the Administrative Procedure Act ("APA"), codified at 5 U.S.C. §§ 701-706.  See 18 U.S.C. § 843(e)(2).  Pursuant to 5 U.S.C. § 706(2)(A) & (C), we "hold unlawful and set aside agency action, findings, and conclusions found to be" "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  As the reviewing court, "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706.[1]   "To the extent that this appeal challenges the Director's interpretation of the statutory provisions ATF administers, we utilize principles of Chevron deference."  Vineland Fireworks Co., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives, --- F.3d ----, 2008 WL 4530536, at *4 (3d Cir. Oct. 10, 2008) (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984)).

Pursuant to 18 U.S.C. § 842(i)(1), ATF denied Kuhn an explosives permit because "[i]t shall be unlawful for any person . . . who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "to ship or transport any explosive in or affecting interstate or foreign commerce or to receive or possess any explosive which has been shipped or transported in or affecting interstate or foreign

---

[1] Kuhn has moved to strike portions of the administrative record because he alleges those portions are either incorrect or prejudicial to his case.  Pursuant to § 706, we must review the entire administrative record or those parts of it cited by the parties with due account taken of the rule of prejudicial error.  Kuhn does not cite to any authority that permits this reviewing court to strike portions of the record based solely on one party's wishes and  conclusory allegations of prejudice. Even assuming arguendo that we strike the portions that Kuhn requests, any change to the administrative record does not affect our decision.  We therefore deny Kuhn's motion to strike.

commerce." Kuhn argues that the application of this provision to deny his application is in error. Kuhn concedes he was previously convicted of one violation of 18 U.S.C. § 472 ("Uttering counterfeit obligations or securities"), which is an offense that has a statutory maximum penalty of 20 years imprisonment. However, Kuhn contends that because the Sentencing Guidelines were mandatory at the time of his conviction, the term of his actual sentence controls whether he committed a crime punishable for a term exceeding one year. According to Kuhn, because his guidelines sentence was between zero to six months imprisonment, his convicted offense was not a crime punishable by imprisonment for a term exceeding one year and therefore § 841(i)(1) should not bar him from obtaining an explosives permit.

His argument is without merit. The statute's plain language indicates that the application of § 841(i)(1) turns on the term of imprisonment punishable by the offense of conviction and indictment and does not turn on the petitioner's actual sentence. In interpreting another statute with identical language, the Supreme Court has noted that "[i]t was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of 'a crime punishable by imprisonment for a term exceeding one year.'" Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 113 (1983) (interpreting 18 U.S.C. § 922(g)).[2] In other words, the petitioner's actual sentence is irrelevant to the statute's application. Since the offense of petitioner's valid conviction is punishable by imprisonment exceeding one year, the ATF acted in accordance with law and was not arbitrary nor capricious in

---

[2] This holding remains good law even though other aspects of Dickerson have been effectively superseded by statute. See Caron v. United States, 524 U.S. 308, 313 (1998); United States v. Daugherty, 264 F.3d 513, 516 & n.7 (5th Cir. 2001); United States v. Cisneros, 112 F.3d 1272, 1281 (5th Cir. 1997).

denying his permit application.

For the foregoing reasons, the petition for review is DENIED.